People v Parsons (2024 NY Slip Op 24177)

[*1]

People v Parsons

2024 NY Slip Op 24177

Decided on June 18, 2024

Supreme Court, Bronx County

Stone, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 18, 2024
Supreme Court, Bronx County

The People of the State of New York

against
Bryan Parsons, Defendant.

Ind. No. 71122-24

ADA Jennifer Esposito, Office of the Bronx District Attorney, for the People. 
Daniel Kay, Esq., The Bronx Defenders, for the Defendant.

Audrey E. Stone, J.

The defendant has moved, by notice of motion dated April 23, 2024, for inspection of the Grand Jury minutes and dismissal of the indictment or its counts. The People have opposed by affirmation dated May 23, 2024, and provided, in camera, the complete, unredacted Grand Jury minutes. Based on several errors in the People's legal instructions, the Court dismisses with leave to re-present Counts 17 and 27. These counts charge the defendant with the Class E felony of Aggravated Family Offense (Penal Law § 240.75). 
 Background
The charges in this case arose out of an ongoing series of alleged acts of domestic violence committed by the defendant against the complainant with whom he shares two children. In 2021, the defendant was convicted of Criminal Obstruction of Breathing (Penal Law § 121.11[a]), and the complainant and her children received a final order of protection. The instant indictment involves conduct subsequent to this conviction, on December 25, 2023, and January 28, 2024.
The first incident charged in the Grand Jury arose on Christmas Day, 2023. The complainant testified that she was home with her children and the defendant. On that day, the defendant was present in the home. At one point, the complainant heard a loud noise from her bedroom where the defendant was behind closed doors alone. The complainant later discovered in the room her television shattered and lying on the floor. At the time of this incident, the complainant was the protected party in the final order of protection issued for the defendant's 2021 domestic violence conviction. 
The second incident arose on January 28, 2024, when the complainant was at home celebrating her birthday. In the Grand Jury, the complainant testified that the defendant arrived. At one point, he then followed the complainant into her bedroom where an argument ensued. What later ensued was an alleged physical assault. The complainant testified that first the defendant strangled her, punched her in the nose, and kicked her with Timberland boots while she lay on the floor. Later, he placed her in a chokehold and punched her again. Some of the children witnessed the assault. The complainant sustained injuries to her eye, nose, and neck and the People introduced a photograph depicting her injuries from the alleged assault. The 2021 order of protection was still in effect at the time.
Beyond the complainant's testimony, the People introduced a certified copy of the final five-year order of protection protecting the complainant and her children. It was issued on September 20, 2021, and remained in effect through September 19, 2026. As further evidence of the parties' familial relationship, the order includes a finding that the protected parties were members of the defendant's same family or household as defined under CPL § 530.12.
After presentation of the complainant's testimony and introduction of the certified copy of the order of protection, the People instructed the Grand Jurors on the law related to all the offenses contained in the indictment except for the counts of Aggravated Felony Offense. The Grand Jury returned a true bill for each offense.
Following this vote, the People re-opened the presentation. The People introduced a certified copy of the defendant's certificate of disposition for Bronx County Criminal Court Docket CR-0102024-20BX, as well as a certified fingerprint comparison. The certificate of disposition demonstrated that the defendant was convicted and sentenced under Docket CR-0102024-20BX for the Class A misdemeanor offense of Criminal Obstruction of Breathing (Penal Law § 121.11[a]). The fingerprint comparison demonstrated that the Bryan Parsons arrested in connection with Docket CR-0102024-20BX, was the same Bryan Parsons arrested for the offenses under investigation by the Grand Jury.
Once this presentation of additional evidence completed, the People instructed the Grand Jurors on the offense of Aggravated Family Offense. The People gave the statutory definition of Aggravated Family Offense contained in Penal Law § 240.75(1). The People then stated, "As your legal advisor, I'm instructing you that the charge of 121.11, sub A, criminal obstruction of breathing or blood circulation, is a specified offense as defined in Penal Law section 240.75, subsection 2." The Grand Jury returned a true bill for one count of Aggravated Family Offense. 
Apparently realizing that they had not instructed the Grand Jurors to consider a count of Aggravated Family Offense for each of the dates, December 25, 2023, and January 28, 2024, the People re-instructed the Grand Jurors on Aggravated Family Offense and asked them to consider two separate counts. The People's second instruction on Aggravated Family Offense mirrored their first. The Grand Jury returned a true bill for each count.

Analysis

Aggravated Family Offense created a crime to address situations where "a defendant with a history of domestic violence who repeatedly commits misdemeanor offenses could be prosecuted as a felon" (Sponsor's Mem, Bill Jacket 2012 AB 7638, Ch 491). The provision provides an elevation of a domestic violence misdemeanor where a person has committed a separate designated offense in the preceding five years (Penal Law § 240.75[1]). Thus, the statute does not address the social issues concerning recidivism as a whole but rather the specific dynamics that occur within the context of an intimate relationship where abusers may commit repeated low level acts of harassment and assault. 
For a person to commit the crime of Aggravated Family Offense, the People must prove that the defendant committed a defined "specified offense" against a member of the same family or household as defined under CPL § 530.11 and was also previously convicted of a "specified offense" against a member of the same family or household (id.) The victims of the two offenses do not need to be the same, but they must both share a relationship with the defendant that falls within CPL § 530.11's definition of family or household (Penal Law § 240.75[3]).
The People's evidence of the counts of Aggravated Family Offense was legally sufficient (People v Gaworecki, 37 NY3d 225, 230 [2021]). The People established that the defendant [*2]committed a current "specified offense" by demonstrating that he committed the misdemeanor offense of Criminal Contempt in the Second Degree (Penal Law § 215.50[3]) against the complainant, with whom he shared children, on December 25, 2023, and January 28, 2024 (Penal Law § 240.75[2]). The People also presented sufficient evidence that the defendant had previously been convicted of a "specified offense" under Docket CR-0102024-20BX by way of the certificate of disposition, the fingerprint comparison connecting him to the prior conviction, and the final order of protection demonstrating that the protected parties and the defendant were members of the same household as defined by CPL § 530.12 (id.).[FN1]

However, the People's instructional errors require dismissal of these two counts. "Although a prosecutor instructing grand jurors on the law is not held to the same standards of exactitude as a trial court charging a petit jury," an error that "concern[s] an essential element of the charge" is one that "impair[s] the integrity of the grand jury's consideration of that charge" (see People v Corliss, 51 AD3d 79, 82 (1st Dept. 2008]). Prejudice requiring the indictment or a count's dismissal results when the People's "instructions to the Grand Jury are so incomplete or misleading as to substantially undermine th[e] [Grand Jurors'] essential function" (People v Calbud, Inc., 49 NY2d 389, 396 [1980]). The People must "provide[] the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (Calbud, 49 NY2d at 394-95).
First, when instructing the Grand Jurors on Aggravated Family Offense, the People were required to instruct the Grand Jurors to find two separate "specified offense[s]," one for the predicate offense and one for the current charges. The People properly instructed the Grand Jurors that the predicate crime, Criminal Obstruction of Breathing or Blood Circulation (Penal Law § 121.11[a]), was a "specified offense." However, the People failed to instruct the Grand Jurors that the current charges of Criminal Contempt in the Second Degree (Penal Law § 215.50[3]) were also a "specified offense." By omitting an instruction that Criminal Contempt in the Second Degree was a "specified offense," the People provided no mechanism by which the Grand Jurors could find legally sufficient evidence and reasonable cause as to all the elements of Aggravated Family Offense (Calbud, 49 NY2d at 394-95; see also Penal Law §§ 240.75[1],[2]).
Compounding this error was a failure to instruct the Grand Jurors on a necessary element of the offense, that the defendant committed both specified offenses against a member of the same of the defendant's same family or household as defined by CPL § 530.11. While the People need not instruct the Grand Jurors with the same precision as a trial judge instructing a petit jury, the People must provide the Grand Jury with enough information to independently determine whether the requirements of reasonable cause and legally sufficient evidence have been satisfied (Calbud, 49 NY2d at 394-395). Use of the model CJI charge for Aggravated Family Offense [*3](see CJI2d[NY] § Penal Law 240.75) would have prevented this error. Under the model charge, the trial judge advises the petit jury that a crime is among the list of "specified offenses" contained in Penal Law § 240.75(2), and then separately explains the requirement that the crime be committed against a member of the same family or household as defined under CPL § 530.11.
For these reasons, the Court dismisses Counts 17 and 27 with leave to re-present. Should the People re-present these charges, the People are further advised that the special information annexed to the indictment was defective and must be amended. The People adhered to CPL § 200.63, by alleging the prior "specified offense" within a special information annexed to the indictment. However, the special information deviated from the proper form. CPL § 200.63(1) provides that the special information indicates that within the preceding five years, the defendant committed a "specified offense," and the defendant committed the "specified offense" against someone with whom the defendant shared a relationship under CPL § 530.11.
Here, the People properly alleged that the current "specified offense" was Criminal Contempt in the Second Degree (Penal Law § 215.50[3]) committed against a member of the defendant's family or household as defined by CPL § 530.11 (see People v Saenger (39 NY3d 433, 439 [2023]). However, the special information only set out that the defendant committed the offense of Criminal Obstruction of Breathing (Penal Law § 121.11[a]) within the last five years. The information did not include the requisite allegation that defendant committed this "specified offense" against someone with whom the defendant shared a relationship under CPL § 530.11. Inclusion is necessary as the statute provides the defendant with the option of admitting, denying or remaining mute as to the requisite relationship (CPL § 200.63[2]). 
The remaining counts of the indictment were supported by legally sufficient evidence, resulted from proper legal instructions, and were free from impropriety (see CPL §§ 190.65[1], 210.30, 210.35[5]; Gaworecki, 37 NY3d at 230; People v Huston, 88 NY2d 400, 409 [1996])).In addition, the Grand Jury proceeding was properly constituted before the requisite quorum and with the requisite number of Grand Jurors who heard the critical evidence concurring in the vote (CPL §§ 210.35[[1], [2], and [3]).
Accordingly, the Courts grants the defendant's motion to dismiss or reduce to the limited extent that Counts 17 and 27 are dismissed with leave to re-present.
This constitutes the decision and order of the Court.
Dated: June 18, 2024
Bronx, New York
____________________________
Audrey E. Stone, A.J.S.C.

Footnotes

Footnote 1:New York State law provides for two separate orders of protection, family and non-family (see CPL §§ 530.12 [family orders]; 530.13 [non-family orders]). A family order of protection involves parties with a defined relationship (see CPL §§ 530.11, 530.12). Violations of a family order of protection subject individuals to mandatory arrest (CPL § 140.10[4][b]) and elevated criminal sanctions (see, e.g. Penal Law § 250.51[c] [Class E felony where a person violates a stay-away provision of a family order after having previously been convicted of criminal contempt for violating a similar order within the last five years]).